

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JON DUFFELL | * | CIVIL ACTION |
| VERSUS | * | NO. 02-3685 |
| DIAMOND OFFSHORE DRILLING, INC. | * | SECTION "C" |
| | * | MAGISTRATE 2 |
| | * | JUDGE BERRIGAN |
| | * | MAGISTRATE WILKINSON |

## REPLY MEMORANDUM

**MAY IT PLEASE THE COURT:**

Defendant, Diamond Offshore Drilling, Inc. ("Diamond"), takes this opportunity to succinctly address the arguments raised in plaintiff's, Jon Duffell's, Opposition to Defendant's Motion in Limine and to Exclude Evidence and Testimony for Failure to Complete an Incident Report. Defendant asserts that plaintiff's arguments are not supported by fact or law.
1

I.  **THE MOTION IN LIMINE DOES NOT AFFECT CREDIBILITY DETERMINATIONS.**

Defendant is somewhat confused regarding the point plaintiff is attempting to make when he asserts that the failure to complete an accident report will go to the issue of credibility of Diamond's safety representative and any "other witnesses of Diamond who will testify concerning the safety policies of Diamond." Credibility is only an issue if a witness' testimony is not worthy of belief on an issue. Diamond is stipulating that the accident occurred on the vessel. Therefore, credibility concerning completing an accident report is not at issue. By stipulating that plaintiff injured himself aboard the OCEAN CONCORD, it concedes facts which do not have to be supported by testimony and conversely are not subject to credibility attacks.

Plaintiff also suggests that in some manner Diamond's accident reporting in the future will be affected by the stipulation and exclusion from evidence of any testimony or documents related to the failure to complete an accident report. It must be pointed out that the particular provisions of Diamond's safety policy plaintiff is alluding to discuss the reporting (by the injured employee) and not recording (by rig personnel) of an accident. In addition, although Diamond appreciates plaintiff's concern how rig safety policies are implemented in the future, Diamond is confident that the Motion in Limine will have no impact on future safety policies and procedures. In addition, the issue of preventative measures taken by rig personnel after an accident would not be admissible in the context of this litigation as being a subsequent remedial measure under Fed. R. Evid. 407.

## II.     THE MOTION IN LIMINE WILL HAVE NO IMPACT ON FAULT ISSUES.

Diamond finds as perplexing plaintiff's arguments that somehow testimony concerning its failure to complete an incident report has impact on other allegations of negligence submitted by plaintiff. The preclusion of testimony regarding completing an accident report has no impact whatsoever on plaintiff's ability (or inability) to prove that Diamond was allegedly at fault for his accident.

## III.    THE MOTION IN LIMINE WILL HAVE NO IMPACT ON MAINTENANCE AND CURE ISSUES.

Finally, the Court has indicated that it, and not the jury, will decide plaintiff's right to attorney's fees for the alleged failure to timely pay maintenance and cure. The maintenance and cure issues have nothing to do with plaintiff's liability case or damage case and there is no reason to put these issues before the jury. The Court will hear testimony from both sides regarding how and why maintenance and cure were paid to plaintiff. Diamond contends that its actions with regard to plaintiff's maintenance and cure were reasonable at all times and the failure to complete an accident report would shed no light on these issues. As plaintiff knows, it is not Diamond's conduct at the time of the accident, but rather, after the accident, which is the measuring stick to determine whether it was arbitrary and capricious in its handling of the maintenance and cure claim. Diamond submits that, at all times, it acted reasonably with regard to the payment of maintenance and cure, which is a matter to be decided by this Court.

Defendant, Diamond, prays that this Court, in light of its stipulation that plaintiff did receive an injury while on the OCEAN CONCORD, grant its Motion in Limine to Exclude Testimony and Evidence related to the failure to complete an accident report.

Respectfully submitted,

BAYNHAM BEST, L.L.C.

_____
T. PATRICK BAYNHAM, T.A. (#16805)
STEVEN K. BEST (#1013)
JOHN CALVIN BOX (#18809)
Two Lakeway Center - Suite 950
3850 N. Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 837-3878

Attorneys for Defendant,
Diamond Offshore Drilling, Inc.

**CERTIFICATE OF SERVICE**

**I DO HEREBY CERTIFY** that I have on this ____ day of October, 2003, served the foregoing pleading on all counsel of record by placing a copy of same in the United States Mail, properly addressed and first class postage prepaid, or by hand delivery.

_____

4